UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MICHELLE TENZER FUCHS

                    Plaintiff,

-against-

FORBIDDEN PLANET IP HOLDINGS, LLC
d/b/a FPNYC.COM

                    Defendant.

------------------------------------------------------------x

Index No.: CV 21-cv-02576 (GRB-SIL)

**ANSWER (WITH COUNTERCLAIMS)**

Defendant, FORBIDDEN PLANET IP HOLDINGS, LLC d/b/a FPNYC.COM, ("FPIPH"), by its attorney, Law Office of Robert J. Miletsky, as and for its Answer (with counterclaim) to the Complaint, states:

1. Denies the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint.

3. Denies the allegations contained in Paragraphs 3, 4 and 5 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph, 6 and 7 of the Complaint.

5. Denies the allegations contained in Paragraphs 8 and 9 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 10, 11 and 12 of the Complaint.

7. Denies the allegations contained in Paragraphs 13 and 14 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 15, 16, 17, 18, 19, 20, 21, 22 and 23 (and all subparagraphs thereof) of

1

the Complaint.

9. Denies the allegations contained in Paragraphs 24, 25, 26 and 27 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 28, 29, 30 and 31 of the Complaint.

11. Denies the allegations contained in Paragraph 32 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 33, 34 and 35 of the Complaint.

13. Denies the allegations contained in Paragraphs 36, 37, 38 and 39 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 40 and 41 of the Complaint.

15. Denies the allegations contained in Paragraphs 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 and 55 (and all subparagraphs thereof) of the Complaint.

16. In answering the allegations contained in Paragraph 56 of the Complaint, repeats and realleges the answers and denials contained in Paragraphs 1 through 55 hereof as if the same were more fully set forth herein.

17. Denies the allegations contained in Paragraphs 57, 58, 59, 60, 61, 62 and 63 of the Complaint.

18. In answering the allegations contained in Paragraph 64 of the Complaint, repeats and realleges the answers and denials contained in Paragraphs 1 through 63 (and 1 through 72 as set forth in paragraph 64 of Plaintiffs form Complaint) hereof as if the same were more fully set forth herein.

19. Denies the allegations contained in Paragraphs 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of the Complaint.

20. In answering the allegations contained in Paragraph 80 of the Complaint, repeats

and realleges the answers and denials contained in Paragraphs 1 through 79 hereof as if the same were more fully set forth herein.

21. Denies the allegations contained in Paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 (and all subparagraphs thereof) of the Complaint.

22. In answering the allegations contained in Paragraph 93 of the Complaint, repeats and realleges the answers and denials contained in Paragraphs 1 through 92 hereof as if the same were more fully set forth herein.

23. Denies the allegations contained in Paragraphs 94 and 95 of the Complaint.

**As and For A First Separate and
Complete Affirmative Defense**

24. The Complaint and all allegations therein, fail to state a claim upon which relief can be granted.

**As and For A Second Separate and
Complete Affirmative Defense**

25. The Court lacks jurisdiction over Defendant herein.

**As and For A Third Separate and
Complete Affirmative Defense**

26. The claims herein are barred based on unclean hands and on the basis that Plaintiff is not entitled to equitable relief herein.

**As and For A Fourth Separate and
Complete Affirmative Defense**

27. Plaintiff is estopped from asserting its claims based on the failure to exhaust administrative remedies.

General Allegations Applicable to All Counterclaims
and Remaining Affirmative Defenses

28. According to public records, Plaintiff and her counsel have commenced a substantial amount of similar lawsuits, for similar relief, including but not limited to the following:

- Tenzer-Fuchs v. The Proctor & Gamble Company
  2:20-cv-05384 Eastern District of New York;

- Tenzer-Fuchs v. Symbiome, Inc.
  2:21-cv-03048 Eastern District of New York;

- Tenzer-Fuchs v. OddityMall
  2:20-cv-06286 Eastern District of New York;

- Tenzer Fuchs v. Wine Chateau Marketplace LLC
  2:21-cv-02580 Eastern District of New York;

- Tenzer-Fuchs v. Kellogg Company
  2:21-cv-01446 Eastern District of New York;

- Tenzer-Fuchs v. Rugs.Com, LLC
  2:20-cv-05908 Eastern District of New York;

- Tenzer-Fuchs v. Fisher & Paykel Appliances, Inc.
  2:20-cv-04031 Eastern District of New York;

- Tenzer-Fuchs v. Disney DTC, LLC
  2:2020-cv-05386 Eastern District of New York;

- Tenzer-Fuchs v. BA Sports Nutrition, LLC,
  20-cv-04849 Eastern District of New York;

- Tenzer-Fuchs v. Dorel U.S.A., Inc.,
  20-cv-04115 Eastern District of New York;

- Tenzer-Fuchs v. Huffy Corp.
  20-cv-04114 Eastern District of New York;

- Tenzer-Fuchs v. Specialized Bicycle Components, Inc.
  20-cv-04113 Eastern District of New York;

- Tenzer-Fuchs v. SixThreeZero Bicycle Company, LLC
  20-cv-04112 Eastern District of New York;

- Tenzer-Fuchs v. Franke Kitchen Systems, LLC
  20-cv-04032 Eastern District of New York;

- Tenzer-Fuchs v. Kitchen Kapers, Inc.
  20-cv-03917 Eastern District of New York;

- Tenzer-Fuchs v. Blade Urban Air Mobility, Inc.
  20-cv-03823 Eastern District of New York;

4

- Tenzer-Fuchs v. Live Tinted, Inc.
  20-cv-03742 Eastern District of New York;

- Tenzer-Fuchs v. SuperMe, LLC
  20-cv-03669 Eastern District of New York;

- Tenzer-Fuchs v. Snow Teeth Whitening, LLC
  20-cv-03599 Eastern District of New York;

- Tenzer-Fuchs v. Sleep Number Corp.
  20-cv-03552 Eastern District of New York;

- Tenzer-Fuchs v. Colonel Littleton, Ltd, Inc.
  20-cv-03150 Eastern District of New York;

- Tenzer-Fuchs v. Gordon Brush Mfg. Co.
  20-cv-03151 Eastern District of New York;

- Tenzer-Fuchs v. JWH Holdings, LLC
  20-cv-03149 Eastern District of New York;

- Tenzer-Fuchs v. Schmidt's Deodorant Co. LLC
  20-cv-03148 Eastern District of New York;

- Tenzer-Fuchs v. Stitch Fix, Inc.
  20-cv-03076 Eastern District of New York;

29. Prior to the commencement of the lawsuit herein, Plaintiff made no effort to try to address the issues or attempt to resolve the issues in good faith.

30. Instead, Plaintiff and her counsel elected to commence this class action lawsuit, apparently solely as a means improperly to force Defendant to pay claimed damages to Plaintiff, with a resultant fee to Plaintiffs counsel.

**As and For a Fifth Separate and
Complete Affirmative Defense and
First Counterclaim**
*Abuse of Process*

31. Defendant repeats and realleges each and every allegation contained in paragraphs "28" through "30" as if the same have been more fully set forth herein.

5

32.     The failure of Plaintiff and her counsel to act in good faith and related attempt to try to force Defendant to pay damages, under the circumstances where Plaintiff and her counsel apparently have engaged in this type of conduct multiple times before, constitutes an abuse of process.

33.     As a result, Defendant has been damaged in an amount to be determined and requests that punitive damages also be assessed against Plaintiff and her counsel.

WHEREFORE, Defendant Forbidden Planet IP Holdings, LLC demands judgment against Plaintiff dismissing the Complaint and judgment on the counterclaim in an amount to be determined together with punitive damages.

Defendant also seeks an Order from the Court enjoining Plaintiff and her counsel from commencing the same or similar types of lawsuits, without first obtaining leave of Court.

Defendant also seeks the costs and disbursements of this action, punitive damages, attorneys fees as applicable, and such other and further relief as the Court deems just and proper.

Dated: Merrick, New York
       July 6, 2021

                                    Law Office of Robert J. Miletsky

                                    By: _____/s/_____
                                        Robert J. Miletsky
                                    Attorney for Defendant
                                    Forbidden Planet IP Holdings, LLC
                                    275 Merrick Avenue, Suite B
                                    Merrick, New York 11566
                                    646.256.7500